UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THOMAS MATTHEWS, Individually                                          PLAINTIFFS
and THOMAS MATTHEWS d/b/a
CORPORATE SECURITY, INC.

V.                                               CIVIL ACTION NO. 3:06CV685DPJ-JCS

BELK DEPARTMENT STORES, LP,
AND RON WILSON                                                         DEFENDANTS

ORDER

This breach of contract action is before the Court on motion of Plaintiff Thomas Matthews, both individually and d/b/a Corporate Securities, Inc. to remand this case to the Circuit Court of Hinds County, Mississippi pursuant to 28 U.S.C. § 1447 claiming complete diversity. Defendant Belk Department Stores, L.P. ("Belk") has responded in opposition. The Court, having considered the memoranda of the parties, along with the pertinent authorities, concludes that Plaintiff's motion should be denied.

I.      Facts and Procedural History

In March 2006, Thomas Matthews, doing business as Corporate Security, Inc., entered a five-year contract with Defendant Belk to provide security services at Belk's distribution center in Jackson, Mississippi. Non-diverse Defendant Ron Wilson served as Operations Manager for the distribution center. During the summer of 2006, Defendant Wilson reported to Belk's, Director of Distribution that Matthews lost the master key to the eighteen-wheeler trailers used to

store merchandise coming through the distribution center. This loss, among other things, prompted Belk to terminate Plaintiff's contract.[1] Wilson did not participate in that decision.

Plaintiff filed suit in the Circuit Court of Hinds County, Mississippi against Belk and Wilson, alleging various claims including breach of contract, tortious interference with performance of a contract, and negligence. Defendant Belk removed the case to this Court, contending that resident Defendant Wilson is improperly joined. Plaintiff then filed a two-page motion to remand, in which he did not contest satisfaction of the amount in controversy requirement. Therefore, the issue for the Court is whether resident Defendant Wilson is improperly joined.

II.     Analysis

   A.     Improper Joinder Standard

The improper joinder doctrine constitutes an exception to the plaintiff's traditional right to choose his or her own forum. If a non-diverse defendant is joined in an action for the sole purpose of defeating diversity jurisdiction, the action may be removed. However, the burden of proving such improper joinder is a heavy one. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). The establishment of a claim for improper joinder can be accomplished by one of two ways. The removing party must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Actual fraud in the pleading of jurisdictional facts is not at issue in

---

[1] These facts are based on affidavits and exhibits submitted by Defendant in response to Plaintiff's Motion to Remand. They are not contradicted in Plaintiff's Complaint nor in Plaintiff's motion, and Plaintiff failed to file a reply or submit any evidence to rebut these facts. They are, therefore, uncontradicted in the record.

this case.  Under the second prong, this Court must examine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.*

A district court should ordinarily resolve an improper joinder claim by conducting a Rule 12(b)(6)-type analysis.  *Smallwood*, 385 F.3d at 573.  Even so, in cases in which the plaintiff has stated a claim, but "misstated or omitted discrete facts," the district court has the discretion to pierce the pleadings and conduct a summary inquiry.  *McDonal v. Abbott Lab.*, 408 F.3d 177, 183 (5th Cir. 2005); s*ee also Smallwood*, 385 F.3d at 573.  While *Smallwood* warns against the risk of entering into a resolution on the merits, the decision to conduct a summary judgment-like analysis, assisted by limited discovery, is within the discretion of the court.  385 F. 3d at 574.  When conducting an improper joinder analysis, the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

    B.    <u>Improper Joinder Analysis</u>

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings.  *Smallwood*, 385 F. 3d at 573.  Here, Plaintiff's specific allegations with respect to Defendant Wilson are as follows:

> Ron Wilson intentionally engaged in conduct which induced the aforementioned breach of the Plaintiff/Belk Department Stores, LP contract.
> Ron Wilson intentionally engaged in conduct which prevented Plaintiffs performance or caused Plaintiffs performance to be more expensive or burdensome.

>Ron Wilson's conduct caused damage to Plaintiff as exampled [sic] by the aforementioned breach of the Plaintiff/Belk Department Stores, LP contract by defendant.

Plaintiff's Complaint at ¶ 11, 12, and 13.  Additionally, Plaintiff alleges that both Defendants conspired to terminate Plaintiff's contract and committed fraud.[2]

>Defendants breached and violated the implied covenants of good faith and fair dealing arising under the terms of the subject contract when they conspired to terminate said Contract without cause and effected the same.
>The Defendants at the time of the signing of the subject contract intentionally and fraudulently induced Plaintiff to enter said contract by representing that they would abide by and honor the terms of the agreement, when in fact at said time, the Defendants knew that they had no intention to act in accordance with the terms thereof.
>That said conduct on the part of the Defendants as complained of herein constitutes fraud, all of which entitles Plaintiff to the right of recovery for damages from the Defendants.

Plaintiff's Complaint at ¶ 16, 17 and 18.  The Court will address these claims in turn.

The majority of Plaintiff's Complaint generically sounds in breach of contract.  Under Mississippi law, individuals who are not party to a contract cannot be held liable for its breach. *Jabour v. Life Ins. Co. of N. Am.*, 362 F. Supp. 2d 736, 740-41 (S. D. Miss. 2005).  Plaintiff's Complaint and the contract itself clearly reflect that Belk and Corporate Securities are the only parties to the agreement.  Wilson's name appears nowhere on the document.  Similarly, Wilson is not individually liable due to his position as an agent of Belk.  "Mississippi law is clear: an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach."  *Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F. Supp. 2d 772, 776 (S.D. Miss.

---

[2] Plaintiff's Complaint contains other allegations against "the Defendants," including negligence, and breach of fiduciary duties.  However, the only specific references to Wilson are set forth herein.  Moreover, Plaintiff in his motion to remand states that he filed his Complaint against Belk and Wilson for "breach of contract and interference with contract, respectively, and conspiracy jointly."

2006) (citing *Jabour*, 362 F. Supp. 2d at 740-41).  As a non-party to Belk's contract, the implied duty of good-faith and fair-dealing with regard to the performance of the contract is also inapplicable to Wilson.  *Jabour*, 362 F. Supp. 2d at 736.

As for Plaintiff's allegation that Defendants "fraudulently induced" Plaintiff to enter the contract, again, there is no suggestion that Wilson participated in the formation of the contract.  Plaintiff merely states in his Complaint that Wilson "knew of the contract."  Clearly, this allegation fails to state a claim upon which relief can be granted.  More importantly, allegations of fraud must be plead with particularity.  *Howard v. Estate of Harper ex rel. Harper*, 947 So. 2d 854 (Miss. 2006).  Plaintiff has wholly failed to allege any facts related to fraudulent conduct on the part of Defendant Wilson.  As such, the Court concludes that under a 12(b)(6) standard, there is no reasonable basis to predict that Plaintiff might recover against the non-diverse defendant for fraud or fraudulent inducement.  A summary inquiry would buttress this conclusion because Belk submitted unrebutted record evidence that Wilson played no role in the formation of the contract.

Plaintiff also claims that Wilson "engaged in conduct which prevented Plaintiff's performance or caused Plaintiff's performance to be more expensive or burdensome."  Complaint at ¶12.  For the sake of analysis, the Court assumes that this paragraph is intended to state a claim for interference with contractual relations.  Mississippi law allows a party to recover against those who intentionally and improperly interfere with the performance of a contract between another and a third party, causing the third party injury.  *Shaw v. Burchfield*, 481 So. 2d 247, 254-55 (Miss. 1985).  To prove a claim of interference with contractual relations, Plaintiff must show that Wilson's acts (1) were intentional and willful; (2) were calculated to cause damage to the plaintiff engaged in his lawful business; (3) were done with the unlawful purpose of causing

damage and loss, without right or justifiable cause on the part of the defendant; and (4) resulted in actual damage and loss. *Ross v. Life Investors Ins. Co. of Am.*, 309 F. Supp. 2d 842, 848 (S. D. Miss. 2004).

However, "one occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent *bad faith*, to interfere with his principal's contractual relationship with a third person." *Shaw,* 481 So. 2d at 255 (emphasis added). The term "bad faith" is defined as not simply having acted in bad judgment or negligence, "but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will." *Bailey v. Bailey*, 724 So. 2d 335, 338 (Miss. 1998); s*ee also Morrison v. Miss. Enter. for Tech., Inc.*, 798 So. 2d 567, 575 (Miss. Ct. App. 2001) (stating *bad faith* is "malice, gross negligence, or reckless disregard for the rights of others"). *Morrison* further reasoned that in the application of the bad faith exception to an employee's privilege, an intentional act equals *malice* when it is for the purpose of causing injury to a business without right or good cause. 798 So. 2d at 575.

With full benefit of notice pleading, Plaintiff's Complaint *might* minimally survive a 12(b)(6) analysis on the issue of interference. However, several omissions compel summary inquiry. For example, the Complaint fails to identify Wilson's position at Belk other than to say that he was "an employee." Plaintiff's Complaint at ¶9. More significantly, the Complaint never states what Wilson supposedly did. Instead, Plaintiff's Complaint merely states that Wilson "engaged in conduct." Such generalities invite a piercing of the pleadings. *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 309-13 (5th Cir. 2005); *Smallwood*, 385 F.3d 573. Unfortunately,

6

Plaintiff's Motion to Remand answers none of these questions either. The sum total of Plaintiff's motion, related to the viability of claims against Wilson, states: "Pursuant to prevailing law, Plaintiff has alleged and plead [sic] a sufficient cause of action against all Defendants, to include the non-diverse Defendant Ron Wilson, thereby rebutting Defendants' claim of fraudulent joinder." Motion to Remand at ¶3. Plaintiff submitted no memorandum of authorities and no record evidence in support of his motion.

Defendant, on the other hand, responded to Plaintiff's motion with affidavits and other exhibits. Belk's record evidence establishes that Wilson served as Belks's Central Distribution Center's Operations Manager; that his job description included the duty to "[ensure] that all loss prevention incidents and accidents are documented and communicated"; and that Wilson reported to his supervisor that Plaintiff lost a master key "to all the eighteen-wheeler trailer locks for all the merchandise coming through the Jackson distribution center." Plaintiff elected to forgo remand related discovery and further chose to forgo his right to file a reply to Defendant's response. As a result, Defendant's facts are unrebutted in the record.

Based on this undisputed record, the Court finds that Wilson acted within the scope of his responsibility in reporting that Plaintiff (hired to provide security services) lost the master key to all merchandise coming through Belk's Jackson distribution center (a fact Plaintiff apparently concedes). *Shaw,* 481 So. 2d at 255. Moreover, there is no suggestion of malice or bad faith on the part of Wilson, and as such, his conduct was privileged. *Morrison*, 798 So. 2d at 575.

Plaintiff's conspiracy claim is equally moribund. Paragraph 16 of the Complaint alleges that Defendants "conspired to terminate said Contract without cause and effected the same." Even if a non-party to a contract could face liability as part of a conspiracy, Plaintiff cannot

establish such a claim in this case.[3]  Under Mississippi law, "[a] conspiracy is a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Levens v. Campbell*, 733 So.2d 753, 761 (Miss. 1999).  Like Plaintiff's interference claim, the Complaint omits the basis of the conspiracy allegation, and Plaintiff elected not to rebut Belk's record evidence that Wilson acted within the scope of his privilege.  Moreover, Plaintiff failed to offer any evidence of an agreement between the Defendants, either open or tacit, such that a "'combination of persons' was formed for an unlawful purpose."  *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So. 2d 777, 788 (Miss. 2004) (finding error in trial court's refusal to direct verdict for agent of principal in breach of contract claim where there was no proof of agreement).

III.     Conclusion

The Court finds that Defendants have established that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant."  *Smallwood*, 385 F.3d at 573.  Accordingly, Defendant Wilson is dismissed and Plaintiff's motion to remand is denied.

**SO ORDERED AND ADJUDGED** this the 29th day of May, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3] As stated above, Wilson was not a party to the contract and faces no liability for its breach as a matter of law. *Jabour*, 362 F. Supp. 2d at 740-41.