UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THOMAS MATTHEWS, individually and
THOMAS MATTHEWS d/b/a
CORPORATE SECURITY, INC.                                               PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:06cv685 DPJ-JCS

BELK DEPARTMENT STORES, LP                                            DEFENDANT

ORDER

This cause is before the Court on motion of Defendant Belk Department Stores to

dismiss, or in the alternative, for summary judgment.  Plaintiff has responded in opposition.  The

Court, having considered the memoranda and submissions of the parties, along with the pertinent

authorities, concludes that Defendant's motion should be granted.

I.        Facts and Procedural History

In March 2006, Thomas Matthews, doing business as Corporate Security, Inc., entered a

five-year contract with Defendant Belk to provide security services at Belk's distribution center

in Jackson, Mississippi.  In July 2006, Plaintiff's company lost a master key that provided access

to all merchandise stored in the distribution center (the value of which was estimated at $30 to

$45 million at any given time).  Defendant terminated the contract, citing the lost key and what it

perceived as Plaintiff's unsatisfactory, or even disingenuous, response to the loss.  Aggrieved by

Defendant's actions, Plaintiff responded by filing the instant lawsuit.

Although Plaintiff's Complaint fails to provide individual counts, a liberal reading of the

pleading suggests claims based on fraudulent inducement, breach of contract, breach of the

implied duty of good faith and fair dealing, bad faith, negligence, fraud, and conspiracy.  The

only conduct alleged in support of these claims is Defendant's decision to terminate the contract;

a fact that is not disputed.  Defendant has moved for dismissal under Rules 12(b)(6) and/or 9(b)

of the Federal Rules of Civil Procedure and for summary judgment under Rule 56.[1]

II.     Analysis

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure

when evidence reveals no genuine dispute regarding any material fact and that the moving party

is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a sufficient

showing to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the

district court of the basis for its motion and identifying those portions of the record it believes

demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party

must then go beyond the pleadings and designate "specific facts showing that there is a genuine

issue for trial."  *Id.* at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and

legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for

trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*,

10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)

(en banc).  Instead, when the movant shows the absence of a genuine issue of material fact, "the

nonmovant must go beyond the pleadings and designate specific facts showing that there is a

genuine issue for trial."  *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

---

[1]Although some of the claims in this case could be dismissed under Rules 9(b) and/or
12(b)(6), others are appropriately addressed under Rule 56 because the Court relied upon record
evidence Defendant attached in support of its motion.

A simple plea for a jury trial on the bare assertion that there are genuine issues of material fact is not a sufficient response to a motion for summary judgment. *F.D.I.C. v. Brewer*, 823 F. Supp. 1341, 1347 (S.D. Miss. 1993) (citing *Washington v. Armstrong World Indus., Inc.*, 839 F.3d 1121, 1122–23 (5th Cir. 1988)).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc*., 530 U.S. 133, 150 (2000).

Belk has presented a properly supported motion for summary judgment and/or dismissal addressing each of Plaintiff's claims: breach of contract, conspiracy to terminate the contract, fraud, breach of the covenants of good faith and fair dealing, fraudulent inducement, negligence, breach of fiduciary duty, and interference with contractual relationship. Plaintiff responded in opposition, but limited its response to the alleged breach of contract and breach of the duty of good faith and fair dealing. Also, Plaintiff asserted, for the first time in his response, a claim for retaliatory discharge, citing the public policy exception to the employment at-will doctrine set forth in *McArn v. Allied Bruce-Terminix, Inc.*, 626 So. 2d 603 (Miss. 1993).

A.     Breach of Contract

Whether Belk breached its contract with Corporate Security requires review of the contract terms. Unless a contract is ambiguous, interpreting its meaning is a question of law. *A & F Props., LLC v. Madison County Bd. of Supervisors*, 933 So. 2d 296, 301 (Miss. 2006). The Court must "accept the plain meaning of a contract as the intent of the parties where no

3

ambiguity exists." *Id*. at 301 (quoting *Ferrara v. Walters*, 919 So. 2d 876, 881 (Miss. 2005)).  In this case, Plaintiff drafted the subject contract between Corporate Security and Belk and has not argued that it is ambiguous.[2]  The contract contains the following language regarding termination:  "Beyond the normal termination services/contract, *termination of contract shall be at the discretion of both parties*."  (Emphasis added).  The common sense and plain reading of this provision gives either party the unilateral right to terminate the contract at their "discretion."

Plaintiff has presented sufficient evidence to create a question of fact as to Defendant's true motive for terminating the contract.  That question is not material, however, because the contract plainly gave both parties the unilateral right to terminate.  Had Plaintiff wished to allow termination only upon certain conditions, it could have easily included such provisions in the contract it drafted.  Instead, Plaintiff left himself, and Defendant, the right to terminate for any reason.  Accordingly, the mere act of exercising the contractual right to terminate does not constitute breach.  *See generally Grand Hous., Inc. v. Bombardier Capital, Inc.*, No. 04-60615, 2005 WL 673267, at *4 ( 5th Cir. Mar. 23, 2005) ("Agreement allowed Bombardier to provide financing to Grand Housing 'at its option;' accordingly, Bombardier was free to reduce or withdraw any financing it provided to Grand Housing.").

B.      Good Faith and Fair Dealing

"All contracts contain an implied covenant of good faith and fair dealing in performance and enforcement."  *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992) (citations omitted).  The

---

[2]  Because Plaintiff drafted the contract, any ambiguities would be construed against him. *See Cain v. Cain*, 967 So. 2d 654, 662 (Miss. Ct. App. 2007) (" In determining the meaning of contract terms, this Court reads the contract as a whole, gives contract terms their plain meaning, and construes any ambiguities against the drafter.").

Mississippi Supreme Court has explained that, "[t]he breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Id.*  "'[B]ad faith' is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Bailey v. Bailey*, 724 So. 2d 335, 338 (Miss. 1998).  "A party may thus be under a duty not only to refrain from hindering or preventing the occurrence of conditions of his own duty or the performance of the other party's duty, but also to take some affirmative steps to cooperate in achieving these goals." *Cenac*, 609 So. 2d at 1272 (citations omitted).

Plaintiff first claims that Defendant "sabotaged" the contract by prematurely terminating it.  However, Defendant had the unilateral right to terminate pursuant to the terms Plaintiff drafted.  Both the Fifth Circuit Court of Appeals and the appellate courts of Mississippi have observed that the duty of good faith and fair dealing is not breached when the contract authorizes the precise action (or inaction) about which a party complains.  *See Grand Housing, Inc.*, 2005 WL 673267, at * 4 (finding no bad faith where defendant "at all times acted within its contractual authority"); *Johnston v. Palmer*, 963 So. 2d 586, 593-95 (Miss. Ct. App. 2007) (finding no breach of the covenant of good faith and fair dealing when defendant complied with contract terms drafted by plaintiff); *Robinson v. S. Farm Bureau Cas. Co.*, 915 So. 2d 516, 520-21 (Miss. Ct. App. 2005) (affirming trial court's finding "that no triable issue of fact existed regarding the contract claims because there was no breach of contract"); *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1249 (Miss. 2000) (finding that even assuming a contract existed, defendant complied with contract and did not breach covenant of good faith and fair dealing).  Here, Plaintiff cannot claim

that the mere termination breached the implied covenant of good faith and fair dealing because Defendant had the contractual right to terminate the agreement.

C.      Retaliation

Citing *McArn v. Allied Bruce-Terminix, Inc.*, Plaintiff further claims that Defendant retaliated against him for reporting alleged harassment on the part of Defendant's supervisor.  In *McArn*, the Mississippi Supreme Court created a "narrow public policy exception to the employment at will doctrine."  626 So. 2d at 607.  According to the court, "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer."  *Id*.  This narrow exception has no application in this case.[3]

First, the Complaint makes no mention of a retaliation claim.  Instead, the retaliation claim appears for the first time in Plaintiff's response.  "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."  *Cutrera v. Bd. of Supervisors of La. State Univ.*,  429 F.3d 108, 113 (5th Cir. 2005).  Plaintiff has not moved to amend his Complaint, and even if he did so move at this late date, amendment would be futile, for reasons explained below.  *See Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (quoting *Foman*

---

[3]Plaintiff's response clearly contemplates a separate claim for retaliation, but it also suggests that the proof of retaliation proves a breach of the implied covenant of good faith and fair dealing.  For reasons discussed below, the Court finds that the public policy exception does not apply and cannot support the alleged breach of good faith and fair dealing when the Defendant acted pursuant to contractual right.  Moreover, allowing the defective retaliation claim to proceed under Plaintiff's breach of good faith and fair dealing claim would destroy the Mississippi Supreme Court's stated objective of maintaining a "narrow" public policy exception and would instead open the door to a wide variety of claims not previously recognized by the Mississippi Supreme Court.  *Id*.

*v. Davis*, 371 U.S. 178, 182 (1962)) ("Permissible reasons for denying a motion for leave to amend include. . . futility of amendment. . . .'").

Second, Plaintiff's reliance on *McArn* is misplaced.  The *McArn* exception applies when an employee complains about illegal acts; Plaintiff has presented no competent evidence that he complained of criminal conduct.  *See Hammons v. Fleetwood Homes of Miss., Inc.*, 907 So. 2d 357, 360 (Miss. Ct. App. 2004) (noting that for the exception to apply "the acts complained of [must] warrant the imposition of criminal penalties, as opposed to mere civil penalties"); *see also Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 404 (5th Cir. 2005) (same); *Bruno v. RIH Acquisitions MS I, LLC*, 2:06CV163, 2008 WL 152124, at *4 (N.D. Miss. Jan. 14, 2008) (observing that the Mississippi Supreme Court and the Fifth Circuit Court of Appeals have held that the *McArn* exception requires that the acts complained of warrant criminal penalties, not just civil penalties); *Howell v. Operations Mgmt. Intern., Inc.*, 161 F. Supp. 2d 713, 719 (N.D. Miss. 2001) (same).

Third, Plaintiff claims in his response that he operated as an independent contractor, not an at-will employee.  Accepting Plaintiff's position, he has not directed the Court's attention to any cases applying this public policy exception to an independent contractor, and it appears from the Court's own research that other courts have consistently refused to extend the exception to apply to independent contractors.  *See McNeill v. Sec. Benefit Life Ins. Co.*, 28 F.3d 891, 893 (8th Cir. 1994) ("We have found a few cases from other jurisdictions discussing the issue, and all have declined to extend the public policy exception to independent contractors . . . ."); *Pedell v. Heartland Health Care Ctr.*, No. 271276, 2007 WL 840876, at *7 (Mich. Ct. App. Mar. 20, 2007) ("The public policy exception cannot apply to independent contractors, because independent contractors are, by definition, not employees."); *Boon v. Plains Transp., Inc.*, No.

7

08-00-00202-CV, 2000 WL 33251706, at *2 (Tex. App. Mar. 29, 2000)("[W]e decline to expand the narrow [public policy] exception to independent contractors."); *Ziehlsdorf v. Am. Family Ins. Group*,  461 N.W.2d 448 (Wis. Ct. App. 1990) (unpublished table decision) ("Because we conclude that independent contractors do not fall within the public policy exception to the employment-at-will doctrine, we affirm.").  For these reasons, any attempt to add a retaliation claim would be futile.

       D.     Remaining Claims

       Plaintiff, through his response, never directly addressed Defendant's basis for dismissing the claims for conspiracy, fraud, fraudulent inducement, negligence, breach of fiduciary duty, and interference with contractual relationship.  These claims are therefore due to be dismissed for the reasons stated in Defendant's submissions and for Plaintiff's failure to respond to those portions of Defendant's motion.[4]  *Celotex*, 477 U.S. at 323.

III.    Conclusion

       The Court has considered and rejected the remaining arguments presented in Plaintiff's response.  Based on the foregoing, the Court finds that Defendant's motion should be granted.

       IT IS HEREBY ORDERED that Defendant's motion is granted and this action is dismissed with prejudice.

---

    [4]  The Court also notes that Plaintiff's fraud claims would not survive a motion to dismiss under Rule 9(b) or 12(b)(6), due to his failure to plead specific information.  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud.'"  *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp*., 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 20th day of February, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE